NOT FOR PUBLICATION

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| TYISHA JOHNSON AND TYRONE JOHNSON, <br><br> *Plaintiffs*, <br><br> v. <br><br> RADIUS GLOBAL SOLUTIONS AND AT&T, <br><br> *Defendants*. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br><br> No. 25-11983 (KMW-MJS) <br><br> **MEMORANDUM OPINION AND ORDER** |

**WILLIAMS, District Judge:**

This matter comes before the Court by way of Defendant AT&T's ("AT&T") Motion to Set Aside Default (Dkt. No. 13); Plaintiffs Tyisha Johnson and Tyrone Johnson's ("Plaintiffs") opposition thereto (Dkt. No. 16); Plaintiffs' Motion to Strike (Dkt. No. 17) and AT&T's opposition thereto (Dkt. No. 25); Plaintiffs' Motion to Compel Arbitration (Dkt. No. 18); and Defendants AT&T and Radius Global Solutions' ("RGS," collectively with AT&T, "Defendants") Joint Notice of No Opposition to Plaintiffs' Motion to Compel Arbitration (Dkt. No. 29). The Court has considered the parties' submissions without oral argument pursuant to L.Civ.R. 78.1(b).

**WHEREAS**, Plaintiffs request an order from this Court, *inter alia*, compelling Defendants "to return to, participate in, and complete arbitration of Plaintiffs' claims before the American Arbitration Association [("AAA")] under the AAA Consumer Arbitration Rules in AAA Case No. 01-24-0007-0895 (the 'AAA Case')," and staying this civil action in its entirety pending completion of the arbitration (Dkt. No. 18 at 13); and

**WHEREAS**, Defendants, through their Joint Notice of No Opposition to Plaintiffs' Motion to Compel Arbitration, expressly indicate that they do not deny or oppose Plaintiffs' request to compel arbitration (Dkt. No. 29 at 1); and

**WHEREAS**, it appears to the Court that granting Plaintiffs' unopposed request to compel the parties to complete AAA arbitration is appropriate "to secure the just, speedy, and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1.

**CONSEQUENTLY**, for all the foregoing reasons, and for good cause shown;

**IT IS** this  13th  day of **February, 2026**, hereby **ORDERED** that:

1.  Plaintiffs' unopposed Motion to Compel Arbitration (Dkt. No. 18) is **GRANTED**, as follows:

    a.  Defendants are compelled to return to, participate in, and complete arbitration of Plaintiffs' claims before the AAA Consumer Arbitration Rules under the AAA Case.

    b.  Defendants shall comply with all existing arbitrator directives and AAA administrative requirements in the AAA Case, including timely payment of any outstanding case management fees and arbitrator deposits, and any subsequent fees assessed by AAA.

    c.  Within seven (7) days of the entry of this Order, Defendants shall (a) pay any outstanding AAA administrative fees and arbitrator deposits in the AAA Case, and (b) file on the docket and serve a written certification attaching proof of such payment(s) and AAA confirmation that arbitration has resumed.

    d.  This civil action is **STAYED** in its entirety pending completion of arbitration. Within fourteen (14) days after the issuance of a final arbitration award, the parties shall jointly advise the Court whether any further judicial action is requested.

    e.  Noncompliance with this Order: If Defendants fail to comply with Paragraphs 1(a), (b), and (c) by the deadlines set above, without good cause, the Court will, upon Plaintiffs' short certification of noncompliance (not to exceed three pages) and without further briefing, adjudge Defendants in **CIVIL CONTEMPT** of this Order and impose a coercive monetary sanction of $250 per day, jointly and severally, commencing on the eighth (8th) day after entry of this Order and continuing until full compliance is achieved. Upon a contempt finding, the Court will also award Plaintiffs their reasonable fees and costs incurred in enforcing this Order, to be set upon submission.

    f.  Within twenty-one (21) days of entry of this Order, the parties shall file a joint status letter advising the Court of:

        i.  the status of payments and administration by AAA;

        ii.  the arbitrator's scheduling order; and

        iii.  the projected merits hearing date. Status letters shall thereafter be filed every sixty (60) days until the stay is lifted.

2. Pursuant to Fed. R. Civ. P. 1, the Court **DENIES as moot** Defendants' Motion to Set Aside Default (Dkt. No. 13).

3. Pursuant to Fed. R. Civ. P. 1, the Court **DENIES as moot** Plaintiffs' Motion to Strike (Dkt. No. 17).

4. The Court retains jurisdiction to enforce this Order and to impose such further relief or sanctions as may be necessary to ensure compliance and to effectuate the parties' arbitration agreement.

*Karen M. Williams*
_____
KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE